## Wise v. Brown

*Dean Fisher* and *H. Swank Phillips*, for plaintiffs.
*Malcolm Muir*, for defendant.

PER CURIAM, January 9, 1956.—This is an amicable action in which it is alleged that J. Clyde Brown, Lycoming County Treasurer, has refused to sign a check on one of his bank accounts as county treasurer because the signatures of the three Lycoming County Commissioners and also the signature of the county controller appear on this check.

Section 1751 of the Act of August 9, 1955, P. L. 323, 16 PS §1-1751, reads as follows:

"The controller shall draw and certify vouchers for all bills, claims and demands presented to him, which he approves and only for such as he approves, and shall forward the vouchers together with checks

therefor with the bills, claims or demands to the county commissioners for their approval. If the county commissioners approve a voucher, at least two commissioners shall sign the check as properly drawn upon the county treasury. In such cases facsimiles of their signatures may be used. The bill, claim or demand, and the voucher therefor, shall be returned to the controller for filing in his office and the check shall be forwarded to the county treasurer. The county treasurer shall sign the check as his draft upon the county treasury, but he shall not sign any check not already signed, as herein provided, by the commissioners and the controller. Vouchers shall be numbered serially before the controller forwards them to the county commissioners and every check incident thereto shall bear the same serial number as the voucher as well as the number or numbers which may be put upon it by the county treasurer. If the county commissioners refuse to approve any bill, claim or demand, they shall return the same together with the voucher and check involved to the controller for filing in his office. In counties not having a controller, the county commissioners shall approve each transaction and the voucher and check shall be drawn by their chief clerk who shall keep files of the bills, claims or demands involved and of the vouchers. At least two commissioners shall sign the checks either personally or by facsimile, and they shall be forwarded, as hereinbefore provided, to the county treasurer for his signature. In all cases the cancelled checks shall be filed in the office of the county treasurer, but he shall transmit, at such times as the controller shall establish, a list of all checks paid from the county treasury and not previously transmitted, giving their voucher serial numbers."

In accordance with this section the controller on January 4, 1956, made and certified a voucher for a

bill against the County of Lycoming, and forwarded this voucher to the county commissioners together with a check which had been signed by the controller. The commissioners approved the voucher. They all signed the check as commissioners and returned the voucher and the check to the controller who forwarded these to defendant, J. Clyde Brown.

Mr. Brown, the county treasurer, refused to sign this check which was made out to J. Mark Good, postmaster, in the amount of $10.

The contention of Mr. Brown is that section 1-1762(c), and section 1-1764 of the same county code are irreconcilable with the section of the county code above quoted, and that therefor the latter two sections prevail.

Section 1-1762(c) reads as follows:

"The county treasurer shall, upon the designation of such depository or depositories, immediately transfer thereto all county funds, and shall, thereafter, keep such deposits solely in such depository or depositories in the name of the county. Withdrawals from such depository shall be only, upon properly authorized checks, drawn by the county treasurer."

Section 1-1764 reads in part as follows:

"The county treasurer, upon the designation of such depository or depositories, shall immediately transfer thereto all county funds, and shall thereafter keep such deposits solely in such depository or depositories in the name of the county, and withdrawals shall be only upon properly authorized checks drawn by the county treasurer."

In our opinion these latter two sections can be reconciled with section 1751. Section 1751 describes in detail just what is necessary with respect to "disbursals of county moneys". This section directs "at least two commissioners shall sign the checks"; also: "The county treasurer shall sign the check as his draft

upon the county treasury, but he shall not sign any check not already signed, as herein provided, by the commissioners and the controller."

Section 1-1762 and section 1-1764 directs that withdrawals from the depository shall be only upon properly authorized checks drawn by the county treasurer. A "properly authorized check" is a check in which the signatures or facsimiles of the commissioners as well as the signature of the controller appear. Although in the instant case the county treasurer did not write the check, he still would be considered the drawer as no check on his accounts can be honored unless his signature appears. His is the important signature when the check arrives at the bank upon which it is drawn.

However, we are of the opinion that the form of the check in the instant case is improper. The form used in the instant case makes it appear to be a check drawn by the county commissioners. At its top appears the masthead "Office of Commissioners". It should be a county treasurer's check. His name should predominate. A place for his signature should be provided for at the lower righthand part of the check. The county treasurer is the one who deposits the money in the bank or banks even though the new county code does say that the county commissioners together with the county treasurer shall, from time to time, designate by resolution the depositaries.

In accordance with the above the amicable action of mandamus should be dismissed. We hold, however, that the provisions of section 1-1751 have to be complied with upon the drawing of all county checks.

### Order

And now, January 9, 1956, in accordance with the above opinion, the action of mandamus is dismissed, costs on the County of Lycoming.